**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DEVONTAY TRAYVON CHAMPELLE,**

     **Plaintiff,**

    **v.**                          **Civil Action 1:26-cv-2**
                                      **Judge Jeffery P. Hopkins**
                                      **Magistrate Judge Chelsey M. Vascura**

**C.O. SPARKS,** *et al.***,**

     **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Devontay Trayvon Champelle, a state inmate proceeding without the assistance

of counsel, sues several employees of the Southern Ohio Correctional Facility ("SOCF") under

42 U.S.C. § 1983 for violation of the Eighth Amendment. (Compl., ECF No. 1-1.) This matter is

before the Court on Plaintiff's Motions to Appoint Counsel (ECF Nos. 6–7). Plaintiff is not

proceeding *in forma pauperis*, and even if he were, appointment of counsel is discretionary under

28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See*

*Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is

justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such

exceptional circumstances exist and determines that the appointment of counsel is not warranted

at this juncture. Accordingly, Plaintiff's Motions to Appoint Counsel (ECF Nos. 6–7) are

**DENIED**.

This matter is further before the Court for the initial screen of Plaintiff's Complaint under

28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's

Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

## I.     BACKGROUND

Plaintiff alleges that on November 24, 2025, he was instructed by Defendant Corrections Officer Sparks to pack his belongings and move to a new cell. After moving to the new cell, Plaintiff cut his arm badly on the jagged edge of the cell's desk that had been damaged but never fully repaired. Several SOCF staff members, upon examining the desk, observed that Plaintiff should never have been moved to a cell containing such a hazard. Non-party Sergeant Praiter also stated that he would have to write a report and have the cell condemned.

After calling out and speaking to several staff members, Plaintiff was taken to the medical station about an hour and a half after the injury occurred. His wound was treated by an unknown nurse with glue and sterile strips. Plaintiff then moved his belongings into yet another cell.

Over the next several weeks, Plaintiff's wound continued to bleed and cause pain. His arm also became swollen and numb. Plaintiff saw medical staff intermittently and received additional wound dressings and antibiotics. Plaintiff alleges that his wound should have been treated initially with stitches rather than glue and sterile strips and that the wound became infected with E. coli.

Plaintiff contends that Defendants placed him "in a cruel and unusual and unsafe environment," which "is a violation of [Plaintiff's] 8th Amendment." (Compl., ECF No. 1-1, PAGEID #26.) Plaintiff seeks $800 million in damages as well as a transfer out of SOCF.

## II.     STANDARD OF REVIEW

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal citation omitted).

### III.    ANALYSIS

The undersigned construes Plaintiff's Complaint to advance two Eighth Amendment claims: (1) a claim against Defendant Sparks for placing Plaintiff in an unsafe cell, and (2) a claim against the remaining defendants for inadequate medical care. Both claims must be dismissed.

"The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Eighth Amendment claims require plaintiffs to prove both a subjective and objective element. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36.

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019)

4

(internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

Here, Plaintiff has failed to sufficiently plead an Eighth Amendment violation against Defendant Sparks. Although Plaintiff alleges that his assignment to his new cell was unsafe due to the jagged edge of the desk, Plaintiff has not alleged that Sparks or any other SOCF employees or officials were subjectively aware of the hazard in the cell when assigning Plaintiff to that cell. He has therefore failed to allege that any Defendant disregarded a "know[n,] excessive risk to inmate health or safety." *Rhodes*, 10 F.4th at 674–75. Accordingly, the undersigned recommends that Plaintiff's Eighth Amendment deliberate indifference claim for failure to provide safety equipment be dismissed.

Next, as to Plaintiff's claim that Defendants provided him with inadequate medical care, it is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). "[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id.*

(citations omitted). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a

claim for deliberate indifference, "courts look to the *effect* of any delay in treatment caused by an

officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis

in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a

constitutional violation must place verifying medical evidence in the record to establish the

detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison

Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

The Sixth Circuit has also noted that in the context of medical deliberate indifference

claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of
> medical care and those cases where the claim is that a prisoner received inadequate
> medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).
> Where a prisoner alleges only that the medical care he received was inadequate,
> "federal courts are generally reluctant to second guess medical judgments." *Id.*
> However, it is possible for medical treatment to be "so woefully inadequate as to
> amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If

the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . .

the plaintiff must place verifying medical evidence in the record to establish the detrimental

effect of the delay in medical treatment." (internal quotation marks and citation omitted)).

Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a

prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a

degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591.

(cleaned up).

Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent.

His injuries were not ignored; he alleges that his wound was initially treated with glue and sterile

strips, and then with bandages and gauze on subsequent occasions. He also received multiple

types of medications including antibiotics for the infected wound. Plaintiff's claim for inadequate medical care must therefore be dismissed.

## IV.    DISPOSITION

For the reasons above, Plaintiff's motions to appoint counsel (ECF Nos. 6–7) are **DENIED** and it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE